WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac Jude Rodriguez,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-20-00847-PHX-DWL<br><br>**ORDER** |

On April 30, 2020, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On December 31, 2020, Magistrate Judge Fine issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 18.) Afterward, Petitioner filed objections to the R&R. (Doc. 23.) For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, and terminates this action.

I.      Relevant Background

*The Charges, Guilty Plea, And Sentence.* In July 2012, Petitioner was indicted in Maricopa County Superior Court on two counts of armed robbery, one count of theft, and six counts of kidnapping. (Doc. 18 at 2.) Petitioner ultimately pleaded guilty to two counts of armed robbery and four counts of kidnapping. (*Id.*) During the change of plea hearing, Petitioner admitted that on July 26, 2011, he "committed armed robbery when in the course of taking property from" the two victims in "their immediate presence, against their will, by using threats of force with intent to coerce or surrender the property." (*Id.*) Petitioner

further admitted that "while taking the property of those two [victims], he was armed with a deadly weapon, that being a handgun." (*Id.*) Regarding the kidnapping charges, Petitioner admitted he "knowingly restrained" the four victims "with the intent to inflict death, physical injury, or otherwise engage in the commission of a felony, that being, taking funds from a bank." (*Id.*)

On April 29, 2013, sentencing took place. (*Id.*) Petitioner was sentenced to concurrent terms of 14.5 years' imprisonment on each of the armed robbery counts. (*Id.*) As for the kidnapping counts, the trial court suspended the imposition of sentence. (*Id.* at 2-3.) All of the sentences were consistent with the plea agreement. (*Id.* at 3.)

During the sentencing hearing, the trial court advised Petitioner of his right to petition for post-conviction relief ("PCR"), of his right to counsel in PCR proceedings, and of the requirement that Petitioner file a PCR notice within 90 days of sentencing. (*Id.*) Petitioner also received and signed a copy of a notice of right to post-conviction relief, which stated that Petitioner needed to file a PCR notice within 90 days of sentencing or Petitioner would forfeit the right to review. (*Id.*)

*The First PCR Proceeding.* On May 27, 2016—over three years after sentencing— Petitioner filed a PCR notice for post-conviction DNA testing. (*Id.*) In this notice, Petitioner checked a box indicating that he was not raising an ineffective assistance of counsel claim. (*Id.*)

The trial court appointed PCR counsel to represent Petitioner, permitted the filing of a PCR petition for DNA testing, and deferred deciding whether Petitioner met the legal requirements for post-conviction DNA testing. (*Id.*) Over three months later, Petitioner's counsel filed a notice of completion, avowing that she was unable to find support for a petition for post-conviction DNA testing and requesting that Petitioner be permitted to file a *pro per* petition. (*Id.*)

On January 11, 2017, Petitioner filed a *pro per* petition regarding DNA testing. (*Id.*) In this petition, Petitioner also argued that his trial counsel had been ineffective. (*Id.*) Petitioner's theory of ineffectiveness was that DNA testing hadn't been conducted during

the underlying proceeding due to a conflict between himself and his trial counsel over which lab would conduct the testing. (*Id.* at 3-4.)

On June 30, 2017, the PCR court issued its ruling denying the petition. (*Id.*) Among other things, the court found that Petitioner had failed to meet the applicable state-law standards (by not demonstrating a reasonable probability that he would not have been convicted had the DNA evidence been re-tested) and noted that the factual basis for Petitioner's conviction included other physical, testimonial, and circumstantial evidence. (*Id.* at 4-5.)

*The Second PCR Proceeding.* On July 11, 2017, about two weeks after the superior court denied his PCR petition for DNA testing, Petitioner filed a second PCR notice. (*Id.* at 5.)

On October 29, 2017, Petitioner's appointed counsel filed a notice of completion and avowed that he found no colorable legal issues that were not frivolous. (*Id.*) The court then permitted Petitioner to file a *pro per* PCR petition. (*Id.*)

In his second PCR petition, Petitioner raised four grounds for relief. (*Id.* at 5-6.) First, Petitioner claimed ineffective assistance of trial counsel at the plea-bargain stage, arguing that counsel was ineffective by failing to challenge or "investigate" the state's evidence and by failing to disclose the results of the DNA re-testing before his plea agreement. (*Id.*) Second, Petitioner claimed that his counsel was ineffective for "failing to suppress the identification the witness made." (*Id.*) Third, Petitioner claimed that the trial court erred by failing to consider his motion to change counsel, which deprived him of his right to counsel and forced him to involuntarily plead guilty. (*Id.*) Fourth, Petitioner claimed that the trial court violated his rights by "failing to comply with Rule 17.4 of the Arizona Rules of Criminal Procedure and Rule 11 of the Federal Rules of Procedure regarding guilty pleas"—specifically, by informing him of the possible sentencing ranges he would be subject to if convicted after a trial and by reviewing the state's evidence against him, thereby coercing him into entering the plea. (*Id.*)

On October 5, 2018, the PCR court issued an order denying the second PCR petition.

(*Id.* at 6.) Among other things, the court found that the second PCR petition was filed four years late, without valid excuse for the delay, and that Petitioner had failed to present new information that would allow for Petitioner's ineffective assistance of counsel claim to be reviewed. (*Id.* at 6-7.)

On July 15, 2019, Petitioner filed a petition for review with the Arizona Supreme Court, which the Supreme Court denied as untimely. (*Id.*)

*These Proceedings*. On April 22, 2020, Petitioner filed the Petition. (*Id.* at 8.) It raises six grounds for relief: (1) ineffective assistance of counsel at the pre-trial and plea bargaining stages; (2) ineffective assistance of counsel for failing to suppress witness identification evidence; (3) the trial court violated his right to counsel by failing to consider his motion to substitute counsel; (4) the trial court violated his Fifth and Fourteenth Amendment rights by coercing him into pleading guilty; (5) the superior court erroneously denied his second PCR petition; and (6) the Arizona Court of Appeals violated state law, as well as the Fourteenth Amendment, by dismissing his petition for review as untimely. (*Id.* at 8-9.)

*The R&R*. The R&R concludes that Petitioner's claims in Grounds One, Two, Three, and Four are barred by AEDPA's one-year statute of limitations. (Doc. 19 at 9-15.) Specifically, the R&R concludes that Petitioner's state-court conviction became final on July 29, 2013, upon expiration of the 90-day deadline for Petitioner to file a PCR notice after his April 29, 2013 sentencing hearing, and that AEDPA's one-year statute of limitations therefore expired on July 29, 2014, rendering the Petition (which was filed in April 2020) "untimely filed by over five years." (*Id.* at 10-11.) The R&R further concludes that (1) the concept of statutory tolling is inapplicable here because Petitioner didn't file his first PCR notice until 2016, by which point the statute of limitations had already expired (*id.* at 11-12); (2) Petitioner is not entitled to equitable tolling because "Petitioner has not met his burden of showing that he has been pursuing his rights diligently and that some extraordinary circumstances prevented Petitioner from filing a timely petition for habeas corpus" (*id.* at 12-14); and (3) the "actual innocence/*Schlup* gateway" is inapplicable

because, *inter alia*, Petitioner "has not presented new reliable evidence" establishing factual innocence (*id.* at 14-15).

As for Grounds Five and Six, the R&R concludes they are "not cognizable" because they are premised on violations of state law and because procedural errors during PCR proceedings are not, in any event, cognizable under 28 U.S.C. § 2254. (*Id.* at 15-17.)

II.  Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

…

…

---

[1] *See generally* 2 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 457 (2021) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

III.    Analysis

Petitioner has filed written objections to the R&R. (Doc. 23.) The only specific argument raised by Petitioner is that "failure to consider [his] claims will result in a fundamental miscarriage of justice." (*Id.* at 3.) Although not entirely clear, Petitioner's position seems to be that (1) the R&R's timeliness analysis as to Counts One, Two, Three, and Four was incorrect because those claims should be considered timely pursuant to the miscarriage-of-justice gateway, and (2) the R&R's error with respect to that gateway was construing it as applying only to claims based on actual innocence, when in fact it allows for the presentation of any alleged "error that serious affect[s] the fairness, integrity or public reputation of judicial proceedings and other types of fundamental unjustness, independent of the defendant's innocence." (*Id.* at 5.)

This objection is overruled because Petitioner's position is foreclosed by Ninth Circuit law. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) ("[I]n light of Supreme Court precedent, as well as our own, we conclude that the miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt. A petitioner who asserts only procedural violations without claiming actual innocence fails to meet this standard.") (citation omitted). *See also Baumgartner v. Ryan*, 2020 WL 9074811, *16 (D. Ariz. 2020) ("Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a 'miscarriage of justice' exception to exhaustion outside of actual innocence. The Ninth Circuit has expressly limited it to claims of actual innocence.") (citations omitted).

Accordingly, **IT IS ORDERED** that:

(1)    Petitioner's objections to the R&R (Doc. 23) are **overruled**.

(2)    The R&R's recommended disposition (Doc. 18) is **accepted**.

(3)    The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(4)    A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal is justified by a plain procedural bar and reasonable

1. jurists would not find the procedural ruling debatable and because, for any portions of the Petition not procedurally barred, Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong.

    (5)    The Clerk shall enter judgment accordingly and terminate this action.

Dated this 7th day of May, 2021.

_____
Dominic W. Lanza
United States District Judge